# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2009

No. 09-10320
Summary Calendar

Charles R. Fulbruge III
Clerk

MARSHA CHAMBERS, and family,

Plaintiff-Appellant

v.

THE STATE OF TEXAS; THE SPCA OF TEXAS CORPORATION; THE COUNTY OF KAUFMAN TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-2240

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marsha Chambers appeals the district court's dismissal of her complaint asserting various claims against state officials and the SPCA. The underlying facts concern the seizure and state judicial forfeiture of animals from her property in 2004. The district court found that because it had already dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a previous, mostly identical, lawsuit brought by Chambers, the current suit was barred by the doctrines of claim and issue preclusion.

Chambers's voluminous filings do nothing to demonstrate any error by the district court. It is true that these preclusive doctrines do not bar a second suit in which a jurisdictional defect that caused the first suit to be dismissed has been *corrected*, but here, the first suit was dismissed by virtue of the *Rooker-Feldman* doctrine, as Chambers effectively sought review of the state-court forfeiture order in federal court. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Filing a renewed suit under the same theory in the same federal court could not correct this defect, and the proper means for disputing whether *Rooker-Feldman* was correctly applied by the district court would have been to appeal from the first lawsuit, not bring a new one in district court.

Substantially for the reasons given by the district court, the dismissal of Chambers's complaint is AFFIRMED. Her motions to stay the district court's sanction order and fee award, certify a question to the Texas Supreme Court, and file an appendix to her reply brief are DENIED.